UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

RICKY JOSHUA BENNY                                    **DOCKET NO.: CV-20-1908**

                            Plaintiff,

            -against-
                                                      **COMPLAINT**

THE CITY OF LONG BEACH, THE
LONG BEACH POLICE DEPARTMENT,
POLICE OFFICER JOSEPH WIEMANN,
POLICE OFFICER ROCCO WALSH  and
OFFICERS JOHN DOES 1-10,

                            Defendants.              ***JURY TRIAL DEMANDED***
-----------------------------------------------------------------X

       Plaintiff, RICKY JOSHUA BENNY by and through his attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for his Complaint against the Defendants herein,

states and alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, false

arrest, wrongful imprisonment, abuse of process, assault, battery, unreasonable use of force,

excessive force, failure to intervene, denial of access to courts, fabrication of evidence, intentional

infliction of emotional distress, negligence and gross negligence, brought pursuant to 42 U.S.C. §§

1981, 1983, the 4th, 5th, 6th and 14th Amendments to the United States Constitution and New York

State Law and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

       2.     Plaintiff alleges that Defendants POLICE OFFICER JOSEPH WIEMANN, POLICE

OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 assaulted, battered, falsely accused,

falsely arrested, falsely imprisoned, fabricated evidence and maliciously prosecuted RICKY

JOSHUA BENNY all in violation of his constitutional and civil rights.

3.    The Plaintiff further alleges that the Defendants CITY OF LONG BEACH and CITY OF LONG BEACH POLICE DEPARTMENT had a duty to train, supervise and discipline police officers, including the Defendant OFFICERS, and were negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

4.    Plaintiff alleges that Defendants CITY OF LONG BEACH and THE LONG BEACH POLICE DEPARTMENT, were negligent in training, hiring and supervising Defendant officers, thus leading to the unjustified excessive force, assault, false arrest, false imprisonment, malicious prosecution and other violations of RICKY JOSHUA BENNY. Plaintiff alleges that the arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendants POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10.

5.    Defendants POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, and their knowledge that their conduct has the tacit authorization of, THE CITY OF LONG BEACH and THE LONG BEACH POLICE DEPARTMENT, excessively beat, falsely arrested, falsely charged, falsely imprisoned, maliciously prosecuted, fabricated evidence and failed to intervene in wrongful actions taken against Plaintiff in an effort to justify their series of violative acts and cover up their wrongdoing. Said use of unjustified force and other actions set out herein exerted against and upon Plaintiff deprived him of his civil and constitutional rights.

2

6.      Plaintiff alleges that, THE CITY OF LONG BEACH, THE LONG BEACH POLICE DEPARTMENT, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10,  are liable for the assault, battery, excessive force, false arrest, and false imprisonment, because the CITY OF LONG BEACH and THE LONG BEACH POLICE DEPARTMENT has supported abuses, condoned, and permitted a pattern of unlawful and excessive force, abuse of process, false arrest and malicious prosecution of arrested persons, and has failed to properly investigate such incidents and discipline the officers involved. As a result police officers including these Defendants (collectively and individually) were deliberately indifferent to the need to train Officers of the CITY OF LONG BEACH and THE LONG BEACH POLICE DEPARTMENT.  Police Officers, including these DEFENDANTS, have been and are encouraged to believe that they could violate the rights of persons, such as the Plaintiff, with impunity, and that THE CITY OF LONG BEACH and  THE LONG BEACH POLICE DEPARTMENT has, and will, allow them to continue to act in violation of an individual's rights, constituting through their actions and failures a policy and/or pattern.

7.      As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of  Defendants as a result of their use of excessive force and failure to provide medical attention to Plaintiff.  Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees in defending the false criminal charges, medical bills, loss of potential employment, serious physical injuries, and other cost/expenses.

## JURISDICTION AND VENUE

8.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) & (4) and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

9.     Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and upon information and belief, all of the parties reside in or are located in the Eastern District of New York.

10.     That prior hereto Plaintiff in conjunction with his State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

11.     That more than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

## PARTIES

12.     Plaintiff  RICKY JOSHUA BENNY (hereinafter "Plaintiff" or "Mr. Benny") is an African-American/Hispanic-American man and was at all times relevant herein is an adult  citizen of the United States.

13.     Defendant, THE CITY OF LONG BEACH (hereinafter "CITY" or "LONG BEACH") is a municipal corporation, duly organized and existing under and by virtue of the laws of New York State. Upon information and belief, the CITY formed and has direct authority over several different departments including the LONG BEACH POLICE DEPARTMENT (hereinafter "LBPD") . The aforementioned department  and/or the employees, agents or representatives of said

department is  directly involved in violations that are the at issue in this Complaint.

14.    Defendant, THE LONG BEACH POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT" or "LBPD") is an agency of the City of Long Beach .

15.    That DEFENDANT POLICE OFFICER JOSEPH WIEMANN (a Caucasian man), POLICE OFFICER ROCCO WALSH (a Caucasian man) and  OFFICERS JOHN DOES 1-10, (hereinafter referred to as "DEFENDANT OFFICERS"), were at all times herein mentioned police officers, employed by the CITY and POLICE DEPARTMENT under the direction of  the POLICE DEPARTMENT,  and DEFENDANT OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the POLICE DEPARTMENT,  and is employed by the CITY OF LONG BEACH under the direction of the LONG BEACH  POLICE DEPARTMENT. DEFENDANT  POLICE  OFFICER  JOSEPH  WIEMANN,  POLICE  OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 (currently unknown to the Plaintiff, but are believed to be known by Defendants and are as of yet unidentified members of the City of Long Beach and Long Beach Police Department), all of whom are being sued herein in their individual and official capacities.

16.    Upon information and belief, that all times hereinafter mentioned, and at the time of the commencement of this action, the DEFENDANT POLICE OFFICER  JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 (currently unknown to the Plaintiff, but are believed to be known by Defendants and are as of yet unidentified members of the City of Long Beach and Long Beach Police Department), all of whom were, and are, citizens and residents of the State of New York and state actors.

17.     That DEFENDANT OFFICERS were state actors on December 8, 2018 and continued to be so thereafter.

18.     At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS served as the complaining witnesses and assisting officers against Plaintiff in criminal proceedings and served as the source of information to the District Attorney's Office, supplying allegations and claims against Mr. Benny which were false, fabricated and were knowingly in violation of Plaintiff's rights.

## FACTUAL BACKGROUND

19.     Plaintiff is an African-American/Hispanic-American male, currently 27 years of age. At all times relevant to this Complaint Plaintiff was a resident of Long Beach, New York.

20.     On or about December 8, 2018, at or about 3:00a.m. to 3:30 a.m. in Long Beach , State of New York, after peacefully socializing with friends (persons of color), Plaintiff Benny was lawfully standing outside of the establishment known as Wales and Tales, located at 916 W. Beech Street, Long Beach, New York, awaiting a car service pick up.

21.     At that time, members of the LBPD, including, but not limited to DEFENDANT POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 were already in the vicinity responding to a fight and/or disturbance at W. Beech Street and Virginia Avenue with which Plaintiff had no dealings or involvement. The persons engaged in the fight/disturbance were Caucasian persons.  Plaintiff was emerging from the Wales and Tales in the attempt to await the car service along with Cedric Coad and Rashawn Weed, both of whom are African-American men.

22.     The persons who were engaged in the actual fight, who were Caucasian persons, were confronted by police while they were actually engaged in the fight, and were then allowed to leave

without charges, allegations or being taken into custody.

23.     As Plaintiff and his friends emerged from the establishment, without cause or reason Long Beach Police Officers went immediately to Plaintiff and his friends, all of whom are clearly men of color, and approached Cedric Coad and began to antagonize him, using abusive and disrespectful language and then ultimately slammed him to the ground and placed him under arrest in the middle of the street on Virginia Avenue at or near the West End Pizzeria.  Although Mr. Coad was not engaged in any unlawful, violent or improper behavior he was targeted, while the Caucasian men engaged in a violent street fight were allowed to go free.

24.     Plaintiff was on the opposite side of the intersection and while Cedric Coad was being placed under arrest by the officers, all of whom were white, and was not near on in any fashion in a place to interfere with the police actions.  Despite the clear distance at which Plaintiff was located, Plaintiff was told by POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and other Long Beach Police Officers to "back up" onto the sidewalk. Plaintiff abided by said directives.

25.     Plaintiff began to record the actions of the Police as they abused Mr. Coad and asked them for their names and badge numbers.  The Police refused to provide Plaintiff their names or badge numbers, and instead began to shine their flashlights at Plaintiff's phone in an attempt to glare out the video recording that Plaintiff was conducting.

26.     As Plaintiff was lawfully recording the abusive actions of Police and  standing on the sidewalk POLICE OFFICER JOSEPH WIEMANN and POLICE OFFICER ROCCO WALSH approached Plaintiff from behind and picked Plaintiff up and body slammed  him onto the concrete. No such action was taken against the white persons engaged in the fight.   Not fully clear as to what had happened and who had assaulted him, Plaintiff then immediately attempted to get back up from the ground.

27.     POLICE OFFICER JOSEPH WIEMANN and POLICE OFFICER ROCCO WALSH once again grabbed Plaintiff and with great force and with an intent to cause serious and permanent injury body slammed him onto the concrete causing the Plaintiff to strike his face, head and upper torso against the concrete and rendering him semi or unconscious.

28.     POLICE OFFICER JOSEPH WIEMANN and POLICE OFFICER ROCCO WALSH, without legal authority or legal cause of any kind, used unnecessary and unwarranted force and grabbed Mr. Benny, and in doing so grabbed Mr. Benny about his body, and forcibly lifted him and propelled Plaintiff downward with the full force of his body onto the right side of his face and shoulders onto the concrete pavement beneath him.

29.     Then POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 joined in and abused Mr. Benny, and wrongfully and abusively handcuffed him. Although Mr. Benny complied with the officers' request(s) the officers continued to abuse Mr. Benny causing him great pain, injury, humiliation and embarrassment. The treatment of Mr. Benny was different and much worse than any treatment which Defendant Officers used or attempted to use against the White persons who had been engaged in the street fight that were allowed to leave free of any charges or being arrested.

30.     Plaintiff was forcefully and brutally slammed and thrown to the ground, manhandled, kneed, cut, scarred, damaged and bruised as he was beaten by the aforementioned DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 to the point that he suffered physical permanent injury to the following, which includes but is not limited to, his face, mouth, jaw, teeth, nose, jaw, shoulders, and back. Plaintiff's race, color and ethnicity clearly was a factor in the differential treatment which he suffered.

31.     Based on surveillance video tape, which captured accounts at the scene of the incident at the time, Plaintiff was approached by the above-stated DEFENDANT OFFICERS as

stated above and was victimized by POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 .

32.     POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 wrote and gave false statements and testimony; provided false police reports, fabricated evidence, intimidated Plaintiff, falsely arrested Plaintiff, falsely accused Plaintiff of crimes which he did not commit, falsely prosecuted Plaintiff, subjected Plaintiff to a malicious prosecution,  abuse of criminal process, abused authority and process, wrote and submitted false investigative reports, and/or provided false information in furtherance of a contrived and misguided official investigation into the incident.

33.     DEFENDANT POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10  then, without cause or justifiable basis, charged Plaintiff with several crimes  including Resisting Arrest, Obstruction of Governmental Administration and Refusing to Move On.

34.     Mr. Benny was falsely charged and POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10  continued to falsely, abusively and maliciously prosecute Mr. Benny for nearly a year until all charges were dismissed on June 27, 2019.

35.     At all times, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 were aware that Plaintiff committed no crimes and that their charges were false.  Mr. Benny suffered severe and serious injuries as a direct result of the use of unreasonable and excessive force by DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10.

36.     At all times, Defendant police officers were aware that Mr. Benny committed no crimes and that their charges were false and manufactured to coverup the brutal and senseless actions

of POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS

JOHN DOES 1-10.  Thereafter, Mr. Benny, was brought to the Long Beach police Precinct where

he received untimely and inadequate medical attention.  After Mr. Benny arrived at the precinct he

repeatedly asked to make a phone call  to  his  family, asked  for help  for the bleeding he was

experiencing,   in addition to pleading for appropriate medical attention. Mr. Benny was denied

everything he requested until approximately seven (7) to nine (9) hours afterwards when he finally

received minimal medical attention from two paramedics, just minutes before he was released from

custody with a desk appearance, to appear in court.

37.     Mr. Benny was denied every reasonable request made and was denied his right to

counsel, right to medical treatment and deprived of his liberty and property.  He waited for

approximately seven (7) to nine (9) hours to receive any form of medical attention, when he finally

received medical attention from two paramedics who looked at him minutes before he was released

from custody with a desk appearance ,to appear in court on January 17, 2019 .

38.     Mr. Benny sustained multiple injuries including, but not limited to his mouth, teeth,

face lacerations , nose, jaw, shoulders, back , cuts about his body, mental anguish, bleeding, being

subjected to the Criminal Justice system, being jailed, suffering a concussion, injury to the Sphenoid

Bone including but not limited to a pterygoid plate fracture, TMJ injury, extreme trauma to his head,

being knocked unconscious, post concussion syndrome, lacerations and cuts, injury to the right side

of his face, chipped tooth, injury to his wrists, injury to his shoulders-including but not limited to a

complex tear of the posterior labrum both horizontal and obliquely, injury to the adjacent labral

capsular junction, a displaced labral flap with the tear extending to th superior labrum where there

is a small nondisplaced labral flap, an additional tear along the anterior inferior chondral labral

10

junction and a small region of chondral delamination of the posterior glenoid adjacent to the labral

tear of approximately 3mm, no less than two surgeries to address and repair damages caused to

Plaintiff's facial/skull injury and shoulder injury, injury to his back and being manhandled during

his unlawful abuse, scarring, loss of blood, physical pain, embarrassment, mental pain and suffering,

incarceration, damage to his name and reputation, court fees, legal fees and costs, medical costs/fees,

property damage and other monetary damages including but not limited to  loss of employment and

income due to  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH

AND POLICE OFFICERS 1-10 's violation of his various rights.

39.    DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER

ROCCO WALSH AND POLICE OFFICERS 1-10  lodged false and malicious charges against

Plaintiff, and wrongfully and improperly arrested Plaintiff without probable cause in an attempt to

justify and cover up their own wrongful and violative actions. Each of the DEFENDANT

OFFICERS have engaged in the preparation of false and misleading reports and documents intended

to further the prosecution of Plaintiff, and to cause Mr. Benny further injury and distress following

his abusive and violent treatment.

40.    The Defendants POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER

ROCCO WALSH AND POLICE OFFICERS 1-10 wrote and filed a false police report , after falsely

arresting Mr. Benny and falsely accused Mr. Benny of crimes which he did not commit, falsely

prosecuted Mr. Benny, wrote false allegations against h im, failed to conduct and engage in sufficient

and proper investigations and submitted false investigative reports.  Defendants falsely alleged that

Mr. Benny resisted arrest, falsely alleged that Mr. Benny Obstructed Governmental Administration

and was falsely charged with Disorderly Conduct, when defendant was in fact lawfully standing on

the side walk recording the abusive and lawless actions of Defendant Police Officer.  They also falsely alleged that Mr. Benny " intentionally caused public annoyance and alarm by refusing a lawful order given by uniformed Long Beach Police Officers to disperse the area while he was congregating with several others resulting in an even larger crowd to assemble in the area" Defendants also falsely charged Mr. Benny with "intentionally attempt[ing] to prevent uniformed Long Beach police officers from effecting his lawful arrest for disorderly conduct for refusing a lawful order given by police to disperse the area by pushing uniformed Police Officer Joseph Wiemann on his chest with his hands after being told by the officer that he was being placed under arrest."  Further, Defendants falsely alleged that "did intentionally attempt to prevent a uniformed Long Beach Police officer from effectuating his lawful; arrest for disorderly conduct for refusing a lawful order given by police to disperse the area by pushing uniformed Police Officer Joseph Wiemann on his chest with his hands and attempting to prevent officers from placing him into handcuffs by tensing up his arms and pulling them tightly towards his chest."

41.     Each of the three charging documents were dated December 8, 2018, and were sworn documents which contained the statement "***Any false statement made herein is punishable as a Class A misdemeanor, pursuant to Section 210.45 of the Penal Law***." (Emphasis added) Each of the three charging documents was signed under oath by Joseph Wiemann.  Each of the  three charging documents were false and fabricated claims made against Plaintiff

42.     Rather than admit their wrongful actions and avoid perjury and making false statements, Defendant Officers colluded and conspired to violating Penal Law §195.05 (Misdemeanor Obstructing Governmental Administration 2nd ); §205.30 (Resisting Arrest); and §240.20 (Disorderly Conduct.)  The commencement of the criminal proceeding was an abuse of the

12

use of legal process and intended to mask the clear violations suffered by Mr. Benny at the hands of the Defendant Officers.

43.     Although Plaintiff was made to suffer serious injuries on December 8, 2018, which required intensive and specialized medical treatment. Mr. Benny pleaded not guilty to all charges and maintained his innocence to the charges until they were dismissed.

44.     At no time during the attack on Plaintiff by DEFENDANT OFFICERS did Plaintiff resist or provide any form of force or resistance against any of the DEFENDANT POLICE OFFICERS that were attacking him.

45.     POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 , with no provocation, handcuffed and brutally beat Plaintiff with their hands, feet, knees and fists as well as subjecting him to the abuse of hurling him down to the ground no fewer than twice, slamming him against the ground, causing severe physical and emotional injuries to Plaintiff's person.

46.     On said date, although the Plaintiff had committed no crime or broken any law for which he was charged, exhibited no assaultive behavior, said DEFENDANT OFFICERS engaged in the aforementioned prohibited conduct all in violation of the Plaintiff's constitutionally protected rights.

47.     POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 conspired and concocted the trumped up allegations of wrongdoing on the part of Plaintiff, wherein they accused Plaintiff of Obstruction of Governmental Administration, Resisting Arrest and Disorderly Conduct.

48.     POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 detained and arrested the Plaintiff, although no probable cause existed for said arrest. Despite the obvious violations occurring against Mr. Benny on the street and thereafter, none of the DEFENDANT OFFICERS intervened to prevent the wrongful beating, abuse and mistreatment of Plaintiff including the beating and filing of false criminal charges against him.

49.     Plaintiff was arraigned in the Long Beach City Court on the false criminal charges on December 10, 2018 and pleaded not guilty to all charges.

50.     Plaintiff, by his attorneys served Discovery Demands on the office of the District Attorney and The People's Response to Mr. Benny's Discovery Demand was provided on February 11, 2019.

51.     On March 11, 2019 Mr. Benny, by his attorneys filed and served a Notice of Omnibus Motion and supporting documents seeking, among other relief, the dismissal of all the charges lodged against Plaintiff.

52.     On or about April 22, 2019, the Office of the Nassau County District Attorney filed Opposition to Mr. Benny's Omnibus Motion.   That document provide nothing which further established probable cause to arrest and charge Mr. Benny.

53.     On May 6, 2019, Mr. Benny by his attorneys filed a Reply Affirmation in further support of the Omnibus Motion.

54.     On June 27, 2019 the Hon. William Miller, City of Long Beach Court Judge, issued a decision dismissing all three accusatory instruments and found that each of the charges were, "legally insufficient" and dismissed every one.  Thus, the charges concluded in favorable dismissal and disposition in Plaintiff's favor.

14

55.     Notice of Entry of this decision, containing seven pages was provided to the People and the Court and acknowledged by the Court on July 5, 2019. No further motions or appeals followed.

56.     Plaintiff was subject to false charges and malicious prosecution for six and a half months.  At no time did any of the defendants cease their pursuit of the false charges which had been lodged against Plaintiff.

57.     Plaintiff, RICKY JOSHUA BENNY continues to suffer emotionally and physically, often coping with sleeplessness and night terrors, which affects his ability to function as he did before the incident.

58.     Plaintiff, RICKY JOSHUA BENNY was subjected to intrusive surgical procedures, anesthesia, and months of recovery and rehabilitation following his injuries and surgeries and continues to suffer from physical disfigurement, scarring, abnormalities in movement, pain, suffering and aching as a result of Defendants', individually and collectively, actions and failures to act.

## AS AND FOR THE FIRST COUNT

### 42 U.S.C. § 1981

59.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

60.     Plaintiff was racially discriminated against by POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10  by the use of selective enforcement and differential and targeted treatment while abusing Plaintiff and other persons of color and taking no action against White persons who were clearly engaged in violent

criminal acts.

61.     Plaintiff was detained, arrested, assaulted and maliciously prosecuted by Defendants POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 and his race and color were factors as the officers saw Plaintiff as a nonwhite and targeted him his friends of color, while taking no action against white persons who were engaged in criminal activity and were ignored as to police action.

62.     Plaintiff was denied privileges and immunities because of his race/color. The decision by POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 to single him out and speak to him and his friends with disrespect, disdain and in an abusive fashion.

63.     The above referenced conduct was part of deliberate and concerted actions aimed at Plaintiff in acts of bias, abuse, and discrimination, based on race, by CITY, LBPD, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 which violates 42 U.S.C. §1981 as amended by the Civil Rights Restoration Act of 1991 (Publ. Law No. 102-406).

64.     But for his race, Plaintiff would not have been treated as he was.  While taking the violent and unauthorized actions taken toward and against Plaintiff,  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 continued the aforesaid discriminatory treatment of Plaintiff on an ongoing basis, and all Defendants above alleged conduct was part of a systemic pattern and practice of discrimination (against Plaintiff as an African-American/Hispanic-American male.) This wrongful action by these officers was adopted, supported, encouraged, and authorized by Defendants CITY and the LBPD.

65.     As a direct consequence of the actions of POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH AND POLICE OFFICERS 1-10 , acting in furtherance of their duties as agents of CITY and LBPD, Plaintiff suffered injuries, including but not limited to pain, suffering, fear, economic loss, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to his under the U.S. Constitution.

66.     As a direct consequence of the  actions of the Collective Defendants, Plaintiff suffered financial loss, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

67.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, Plaintiff suffered great physical harm, property damage, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

68.     Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other  expenses in  clearing his  name  against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

69.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum in excess of Five Million

($5,000,000.00) Dollars.

## AS AND FOR THE SECOND COUNT
### 42 U.S.C. § 1983
**First, Fourth, Fifth and Fourteenth Amendment Violations- Including but not limited to**
**UNLAWFUL TREATMENT DUE TO RACE/ETHNICITY/COLOR**

70.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 69 of this Complaint with the same force and effect as though fully set forth

herein.

71.     The DEFENDANTS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER

ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, under the color of state law, subjected

Plaintiff to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C.

§ 1983 thereby depriving Plaintiff of his rights, privileges and immunities secured by the First,

Fourth, Fifth and Fourteenth Amendment of the United States Constitution.

72.     The abusive, malicious and unreasonable actions committed by CITY and LBPD

employees DEFENDANTS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO

WALSH  and  OFFICERS JOHN DOES 1-10 were done in furtherance of their intent to deny

Plaintiff's equal protection under the law - based on his race, color and ethnicity, heritage and speech

which was expressive and based on their treatment of people with color by the police in Long Beach

and as it was happening before him to his friend a person of color who had not committed any crime

and was singled out due to the color of his skin, all of which is - a matter of public concern in

violation of his First, Fourth, Fifth and Fourteenth Amendment rights. This was evident in and

through that actions of DEFENDANTS   POLICE OFFICER JOSEPH WIEMANN, POLICE

OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 as they chose to take police action

18

against Plaintiff and his friends who were clearly persons of color and not take action agaisntt White persons who were actively engaged in violent criminal behavior that the Defendants witnesses

73.     The DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the First Amendment.

74.     Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to equal protection, free speech, to freely record as he wished, which they knew or should have known were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

75.     DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 acting within the scope of their official authority as state actors, contrary to the various Constitutional and statutory rights secured to the Plaintiff, and acting with malicious intent, misrepresented facts in order to justify the maltreatment and violation of the First Amendment right to free speech against the Plaintiff.

76.     The CITY and LBPD's position of taking no action and refusal to discipline the DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's rights under 42 U.S.C. § 1983, with such violation occurring as a result of said officers being improperly cleared of any wrongdoing, despite substantial evidence to the contrary.

77.     None of the Defendants took action to prevent the wrongful actions or intervened to stop the acts taken against the Plaintiff, including but not limited to beating Plaintiff, causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise his right to freely record public officers while on duty. All of these acts and failures were in violation of Plaintiff's rights to equal protection.

78.     Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, discriminatory, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts. Said actions were aimed at silencing Plaintiff, to keep him, as an African-American/Hispanic-American male, silent.

79.     Plaintiff's Fourth Amendment Rights were violated when DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 forcefully seized Plaintiff and wrongfully and illegally used force against him and did so with no legal authority and without probable cause.

80.     Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to protection from said use of force and unauthorized and unreasonable searches and seizures. Each named Defendant knew that their actions were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

81.     Plaintiff's Constitutional Rights were violated when DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 decided to interrupt Plaintiff as he recorded Defendants and then used excessive force

and physically abused Plaintiff by brutally beating, tackling and hitting Plaintiff aggressively in the and seriously and permanently injuring him.

82.   DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 caused Plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

83.   Plaintiff's Fourteenth Amendment Rights to due process and equal protections rights were violated, as he as a African-American/Hispanic-American male who did nothing to be subjected to maltreatment that White persons were not be subjected to.

84.   Plaintiff is a brown skinned African-American/Hispanic-American male and is part of a protected class. DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 in committing such acts violated Plaintiff's right to substantive due process and equal protection rights, which were marked by he clear and obvious double standard and differential treatment to which Plaintiff was subjected including but not limited to abusive and disrespectful language, seizure, being slammed to the ground, being falsely charged and maliciously prosecuted, all of which was done to Plaintiff on account of his race, color and ethnicity.

85.   The CITY and LBPD, DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 through their actions, violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the

United States Constitution.

86.     Plaintiff exercised his right to freely record officers while on duty outside his home when he felt unsafe and threatened. He also continued to exercise his right to speak, record and deny the signing of any documents while being harassed, cursed at, abused, and subjected to racial slurs and unlawfully searched, seized, arrested and confined by DEFENDANTS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10.

87.     As a direct consequence of the actions of DEFENDANTS   POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 acting in furtherance of their duties as agents of the CITY and LBPD, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

88.     As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, detention, arrest, denial of medical care and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

89.     Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

90.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND FOR A THIRD COUNT**

**42 U.S.C. § 1983**

**FALSE ARREST, MALICIOUS PROSECUTION, FABRICATION OF EVIDENCE, UNREASONABLE AND EXCESSIVE USE OF FORCE**

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 90 of this Complaint with the same force and effect as though fully set forth herein.

92.     On or about December 8, 2018, Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested by DEFENDANTS and subjected to excessive and unreasonable use of force and unlawful search and seizure.

93.     On or about December 8, 2018 and after, Plaintiff was placed in fear of his life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

94.     On or about December 8, 2018, while being detained, Plaintiff was subject to excessive and unreasonable use of force, which was demeaning in nature.

95.     On or about December 8, 2018, while being detained, DEFENDANT OFFICERS beat Plaintiff about his body and head, subjected him to loss of consciousness,  loss of blood, fear,

permanent scarring, loss of function, loss of freedom, loss of use of body parts and other serious injuries, which they knew would be a likely outcome of their action and were indeed the outcomes and injuries that DEFENDANT OFFICERS caused.

96.    On or about December 8, 2018, while being detained, DEFENDANT OFFICERS kicked, punched, and otherwise subjected Plaintiff to excessive and unreasonable use of force which caused, but not limited to, injuries to his mouth, teeth, face lacerations , nose, jaw, shoulders, back, and cuts, mental anguish, bleeding, being subjected to the Criminal Justice system, being jailed, loss of liberty and being forced to attend court, injury to the Sphenoid Bone including but not limited to a pterygoid plate fracture, TMJ injury, extreme trauma to his head, loss of consciousness, concussion, post concussion syndrome,  permanent scarring, loss of blood, physical pain, headaches, neurological deficits, prolonged pain, medical treatment, surgery, rehabilitation, embarrassment, mental pain and suffering, incarceration, damage to name and reputation, court fees, legal fees and costs, medical costs/fees, and other monetary damages. As a result of the DEFENDANT OFFICERS' actions Plaintiff suffered and continues to suffer.

97.    Upon information and belief such seizure, arrest and detention was ordered and was carried out by DEFENDANT CITY, DEFENDANT POLICE DEPARTMENT and DEFENDANT OFFICERS.

98.    DEFENDANT OFFICERS from DEFENDANT POLICE DEPARTMENT, were present on December 8, 2018 in or around the vicinity Virginia Avenue at or near the West End Pizzeria, City of Long Beach, State of New York and participated in the unlawful detention, arrest, and beating of Plaintiff.

24

99.     DEFENDANT OFFICERS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 from the CITY and LBPD failed to take any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

100.     Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by the COUNTY DEFENDANTS and DEFENDANT OFFICERS POLICE OFFICER JOSEPH WIEMANN,  POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

101.     Upon information and belief, each DEFENDANT OFFICER including but not limited to POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH,  OFFICERS JOHN DOES 1-10 took an active role in creating and manufacturing the allegations made against Plaintiff. In essence, Defendants fabricated facts, fabricated allegations and fabricated behavior and attributed them to Plaintiff knowing said information was not true and was created and fabricated by Defendants Officers.

102.     As part of the false arrest, detention, and accusations, DEFENDANT OFFICERS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 caused Plaintiff to be seized, arrested, forced to get medical treatment and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

103.     The DEFENDANT OFFICERS  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 individually and collectively knew

at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on DEFENDANTS' discriminatory and violative actions due to his race and color.

104.    Each of the DEFENDANTS  POLICE OFFICER  JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS  POLICE OFFICER  JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment.  All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.  In addition, Plaintiff was denied access to an attorney at the time of his wrongful and abusive punishment and was subjected to summary punishment without providing any of the rights to which he was entitled including right to counsel.

105.    None of the Defendants took action to prevent the wrongful actions taken against the Plaintiff  causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise his right to speak on a matter of public speech and right.

106.    Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to

prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

107.    CITY and LBPD and POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 through their actions, violated the due process rights guaranteed to Mr. Benny under the Fourteenth Amendment of the United States Constitution.

108.    In fabricated allegations, falsely arresting, falsely imprisoning, abusing, detaining, coercing, threatening, intimidating and falsely charging Plaintiff, and denying Plaintiff his right to be free from unreasonable search and seizure from the DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10, and each of them, knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to Plaintiff.

109.    As a direct and proximate result of the aforesaid acts of the DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10, Plaintiff suffered great physical harm, property damage, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

110.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

111.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH COUNT
## 42 U.S.C. §1983 - ABUSE OF PROCESS

112.    The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113.    The Collective Defendants, including  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH,  and  OFFICERS JOHN DOES 1-10 intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaints against Plaintiff RICKY JOSHUA BENNY Said criminal complaint was made by the aforementioned Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

114.    The false criminal complaints lodged by Defendants against RICKY JOSHUA BENNY was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

115.    Defendants  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 did not file said criminal complaint as a result of

28

actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

116.    Instead, Defendants  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 filed said false criminal complaint against Plaintiff RICKY JOSHUA BENNY with an ulterior purpose/motive to subject Plaintiff as punishment without lawful court order and to block Plaintiff from access to the Court and seeking justice against them for their wrongful acts, collect payment and various forms of restitutions from Plaintiff to which Defendants were not entitled.

117.    Defendants  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 subjected Plaintiff to the criminal justice system without just cause or reason. DEFENDANTS abused the criminal justice system in arresting, charging, prosecuting and conducting a public court appearences in attempt to satisfy their personal attempt to satisfy their personal goals and their own warped sense of power.

118.    POLICE OFFICER  JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 motive for subjecting Plaintiff RICKY JOSHUA BENNY to false criminal process included but was not limited to a cover-up of their wrong doings, and to level their charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue his rights in court for his false arrest and unwarranted beating. Defendants also intended to cripple Plaintiff financially by forcing him into submitting to court and legal fees, payments, and court imposed fees/fines - not because they knew or believed that Plaintiff committed any criminal acts.

119.    The Defendants' POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

120.    Defendants' POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

121.    Defendants CITY, LBPD  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10, with knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendants  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff RICKY JOSHUA BENNY

122.    The subsequent false arrest and malicious prosecution of Plaintiff RICKY JOSHUA BENNY was done by Defendants CITY, LBPD,  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

123.    Defendants  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 did not initiate the arrest and prosecution of Plaintiff

as a result actual knowledge that a crime was committed.

124.    Instead, Defendant Officers   POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and   OFFICERS JOHN DOES 1-10 searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify punishment, payments and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

125.    Defendants' CITY, LBPD, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, clear intention was to falsely arrest, and falsely prosecute Plaintiff RICKY JOSHUA BENNY and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

126.    Defendants CITY, LBPD,  POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to avoid monetary penalties and exposure and to obtain personal monetary returns).

127.    As a direct consequence of the actions of POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10, acting in furtherance of their duties as agents of CITY and LBPD, RICKY JOSHUA BENNY suffered injuries, including

but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to his under the U.S. Constitution.

128.    As a direct consequence of the of the actions of the Collective DEFENDANTS, RICKY JOSHUA BENNY suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

129.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

130.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 129 of this Complaint with the same force and effect as though fully set forth herein.

131.    Prior to December 8, 2018 and since, the CITY and LBPD have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons by police officers of the LBPD Although such beatings, abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper. As a result, CITY police officers within their jurisdiction were caused and encouraged

to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the DEFENDANT CITY.

132.    Prior to December 8, 2018 and since, the CITY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons  by police officers of the LBPD and other local police departments within the jurisdiction of the LBPD.   This is especially true in certain portions of the City, especially in the community commonly known as North Park and against person who reside or are believed to reside in that community or are believed to reside in that community.  The vast majority of persons residing in North Park are Black African-Americans or Hispanic persons.  Although such beatings, abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper. As a result, LBPD police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the CITY .

133.    In addition to permitting a pattern and practice of improper beatings and abuses in the CITY and LBPD have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, false arrests, and excessive use of force by police officers.

134.    The CITY  has  failed  to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, abuse authority, use excessive force,

and abuse civilians, and the CITY  has failed to find that civilian complaints made against police officers are founded or valid in anyway, therefore the CITY  is liable under 42 U.S.C. § 1983 because the CITY  has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of the CITY and LBPD's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

135.    The CITY and LBPD have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the CITY  to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

136.    Further, the CITY and LBPD, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  The CITY and LBPD  also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Nassau for presentation to the Grand Jury for action against police officers.

137.    Upon information and belief, specific systemic flaws in the CITY  brutality review process include, but are not limited to, the following:

    a.    Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

    b.    Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

    c.    Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

    d.    Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

    e.    Reports in brutality cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

138.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants CITY and LBPD caused the Defendant Officers  to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

139.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional

distress as a result of the aforesaid unlawful conduct of the Defendants.

140.    Plaintiff was forced to incur great expense due to the filing of this complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

141.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AND AS FOR A SIXTH COUNT
### 42 U.S.C. § 1983 - FAILURE TO INTERVENE

142.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 141 of this Complaint with the same force and effect as though fully set forth herein.

143.    POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and  OFFICERS JOHN DOES 1-10 from CITY and LBPD knew or should have known that the detainment, false arrest, wrongful imprisonment and excessive beating of RICKY JOSHUA BENNY violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §1983.

144.    Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C.§ 1983 to prevent the false arrest, wrongful detainment and excessive beating of the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to

protect or aid the Plaintiff when such violations did in fact occur.

145.   DEFENDANT OFFICERS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 from the DEFENDANT CITY and LBPD failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

146.   DEFENDANT OFFICERS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 from the DEFENDANT CITY and LBPD knew or should have known that the fabricated accusations against, and physical beating of RICKY JOSHUA BENNY were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

147.   Said DEFENDANTS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 had and continued to have the power to prevent the continued due process violations against RICKY JOSHUA BENNY yet they failed to prevent or dismiss the pending fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted and potential penalties of said charges.

148.   DEFENDANT CITY and LBPD's exoneration of and refusal to discipline the DEFENDANT OFFICERS for their misconduct against RICKY JOSHUA BENNY is neglectful of their duty to prevent the further violation of RICKY JOSHUA BENNY's right to compensation under 42 U.S.C. §1983 and the State Law claims, with such violation occurring as a result of said officers being improperly allowed to engage in their wrongful acts and essentially being cleared of

37

any wrongdoing, despite substantial physical evidence to the contrary.

149.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish,  property damage,  and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

150.     Plaintiff was forced to incur great expense due to the filing of this complaint for attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

151.      That by reason of the foregoing, Plaintiff has been in  fear of his life, suffers serious emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights, and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR AN SEVENTH COUNT
## FALSE ARREST (PENDENT STATE CLAIM)

152.     Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 151 of this Complaint, with the same force and effect as though fully set forth herein.

153.     On or about the 8th day of December 2018 in the DEFENDANT CITY, LBPD, DEFENDANT OFFICERS POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO

WALSH and OFFICERS JOHN DOES 1-10 intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against his will, assaulted, battered, falsely arrested and falsely imprisoned Plaintiff by detaining Plaintiff and imprisoning him, and depriving him of his liberty for an unreasonable time.

154.    By reason of the above and in particular said false arrest, Plaintiff's reputation has been greatly injured and he has been brought into public scandal and disgrace. Plaintiff has been greatly hindered and prevented from following and transacting his affairs, and business and has suffered great emotional trauma and harm, all to his damage.

155.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers extreme emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A EIGHTH COUNT
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

156.    Plaintiff, repeats reiterates and realleges each and every allegation contained in paragraphs 1 through 155 of this Complaint, with the same force and effect as though fully set forth herein.

157.    DEFENDANTS' CITY, LBPD, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH and OFFICERS JOHN DOES 1-10 used their legal power and

authority to commence and continue false criminal charges against Plaintiff in an attempt to gain benefit from doing so.  DEFENDANTS  sought and used the criminal process to cover up and seek protection from loss of employment, discipline and possible criminal prosecution by alleging that Plaintiff had engaged in criminal activity when they each knew and were well aware that he had not. Said acts were a violation of Federal Law and State Law in that Plaintiff's Fourth and Fourteenth Amendment Rights were violated as well as common law.

158.    DEFENDANTS' CITY , LBPD, POLICE OFFICER JOSEPH WIEMANN, POLICE OFFICER ROCCO WALSH  and  OFFICERS JOHN DOES 1-10 accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of government, as well as an abuse of process.

159.    That the false arrest, false imprisonment, assault, battery, excessive and unreasonable use of force, illegal transportation, and violation of Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

160.    As a result of the foregoing, Plaintiff has suffered injury to his good name and reputation and has suffered great mental and bodily distress during his false imprisonment and afterwards, all to his damage.

161.    That as a result of said beatings, slamming, kneeing, kicking, punches and other actions against Mr. Benny , the Plaintiff RICKY JOSHUA BENNY sustained damages and injuries, including but not limited to, personal injuries to his body, violation of civil rights, loss of income,

permanent damage to reputation and standing in the community, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

162.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and exposed him to disgrace, public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**WHEREFORE,** the Plaintiff demands judgment against the DEFENDANTS:

a)    On the First Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

b)    On the Second Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

c)    On the Third Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

d)    On the Fourth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

e)    On the Fifth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

f)    On the Sixth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

g)      On the Seventh Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

h)      On the Eighth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

i)      Punitive damages in the sum in excess of Ten Million ($10,000,000.00) Dollars;

j)      Declaratory Judgment that defendants willfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

k)      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

l)      Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees, pursuant to 42 U.S.C. §1988.

## A JURY TRIAL IS HEREBY DEMANDED.

Dated: Hempstead, New York
        April 24, 2020                          LAW OFFICES OF
                                                FREDERICK K. BREWINGTON


                                        By:     */S/ Frederick K. Brewington*
                                                FREDERICK K. BREWINGTON
                                                *Attorneys for Plaintiff*
                                                556 Peninsula Boulevard
                                                Hempstead, New York 11550
                                                (516) 489-6959

42