

1010 Franklin Avenue, Suite 200 | Garden City, NY 11530-2900 | **bsk.com**

**HOWARD M. MILLER, ESQ.**
MillerH@bsk.com
P: 516.267.6318
F: 516.267.6301

July 10, 2020

<u>*Via ECF*</u>
The Honorable Kiyo A. Matsumoto
*United States District Court Judge*
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Ricky Joshua Benny v. City of Long Beach, et al.*
       20-CV-01908 (KAM) (ST)

Dear Judge Matsumoto,

We represent the Defendants in the above-referenced matter. In accordance with the Court's individual rules of practice, we respectfully seek a pre-motion conference to file a motion to dismiss the Complaint pursuant to F.R.C.P. 12 (b)(6).

This case arises out of an unfortunate incident that took place at 3:00 a.m. on December 18, 2018 in the City of Long Beach. Plaintiff asserts that in the course of confrontation with the defendant police officers he was subject to excessive force, false arrest and race-based discrimination. The Complaint asserts six federal claims and two pendant state law claims. The incident that forms the basis of the Complaint was captured on video (Complaint at ¶3)

The City of Long Beach should be dismissed from this case because Plaintiff has failed to properly plead a *Monell* claim. The Complaint contains no well-pled facts that the City had a custom and policy of violating constitutional rights in connection with arrests. Instead, the Complaint offers only sweeping conclusions that there is a "pattern and practice" of tolerating constitutional violations. Such allegations are insufficient. *See Duncan v. City of New York*, No. 11-CV-3826, 2012 U.S. Dist. LEXIS 67208, 2012 WL 1672929, at *3 (E.D.N.Y. 2012) (holding that "boilerplate statements" claiming that the city has a custom of making and tolerating false arrests and of using excessive force "are insufficient to state a claim of municipal liability under *Monell*").

The claims against the individual police officers should be dismissed on qualified immunity grounds. The video recording of the incident, which is an integral part of the Complaint, may be considered by the Court on a Rule 12(b)(6) motion. *See Garcia v. Doe*, 779 F.3d 84 (2d Cir. 2014). Where an incident is captured on video, the determination of qualified immunity is an issue of law for the Court. *See Brown v. City of New York*, 2016 U.S. Dist. LEXIS 53365 (S.D.N.Y. 2016), *aff'd*, 862 F.3d 182 (2d Cir. 2017).



Here, the video recording of the incident shows that Plaintiff was repeatedly directed by police officers to clear the area. Plaintiff was also given a clear and specific final warning to disperse, which he disobeyed. Under Second Circuit precedent, the individual defendants are entitled to qualified immunity on Plaintiff's false arrest claim. *See Pinto v. City of New York*, 728 Fed. Appx. 26 (2d Cir. 2018); *Crenshaw v. City of Mount Vernon*, 372 Fed. Appx. 202 (2d Cir. 2010); *Wiles v. City of New York*, 2016 U.S. Dist. LEXIS 148024 (S.D.N.Y. 2016), *aff'd* 724 Fed. Appx. 52 (2d Cir. 2018). Plaintiff's malicious prosecution and abuse of process should be dismissed for similar reasons. *See Leibovitz v. Barry*, 2016 U.S. Dist. LEXIS 128231 (E.D.N.Y. 2016)(Matsumoto, J.).

Plaintiff's excessive force claim should also be dismissed on qualified immunity grounds. The video of the incident shows that Plaintiff confronted the police officers in a belligerent manner, yelling at them and refusing to clear the area. Plaintiff then resisted arrest, requiring several officers to restrain him. In addressing claims arising out of such circumstances, courts "evaluate the record from the perspective of a reasonable officer on the scene" making "allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

The restraint of Plaintiff lasted very briefly (around one minute), and only until Plaintiff could be handcuffed. Consequently, the individual Defendants are entitled to qualified immunity. *See Lieberman v. City of Rochester*, 558 Fed. Appx. 38 (2d Cir. 2014)(dismissing excessive force claim notwithstanding Plaintiff's allegations that officer "body slammed" plaintiff to the ground); *Style v. Deputy United States Marshal Adam Mackey*, 2020 U.S. Dist. LEXIS 101989 (E.D.N.Y. 2020)(dismissing excessive force claim where arresting deputy placed his knee on plaintiff's back only to effectuate the arrest and removed it as soon as plaintiff was brought to his feet); *Wertish v. Krueger*, 433 F.3d 1062 1066-68 (8th Cir. 2006)(rejecting excessive force claim where an officer threw plaintiff to the ground, pinned him down, and placed his weight onto Plaintiff's back before handcuffing him, even though the plaintiff was only passively resistant); *Scott v. District of Columbia*, 101 F.3d 748 (D.C. Cir. 1996)(finding no excessive force where multiple officers knocked plaintiff to the ground and put their knees on his neck, back and lower legs to restrain him).

The Court's rules require that we propose a briefing schedule. Given the disruption of schedules caused by Covid-19 shutdowns, we respectfully request that Defendants' motion be due August 24, 2020, Plaintiff's response be due September 28, 2020 and Defendants' reply be due October 13, 2020. Additionally, in light on a pending motion where qualified immunity is in issue, we respectfully request that the August 20, 2020 discovery scheduling conference before Magistrate Tiscione, be adjourned until after the motion to dismiss is decided.



Respectfully submitted,

_____
Howard. M., Miller, Esq.

cc: Frederick K. Brewington (*Via ECF*)
*Attorney for Plaintiff*

The Honorable Magistrate Judge Tiscione

2