

1010 Franklin Avenue, Suite 200 | Garden City, NY 11530-2900 | bsk.com

HOWARD M. MILLER
hmiller@bsk.com
P: 516.267.6318
F: 516.267.6301

December 22, 2020

**VIA FIRST CLASS MAIL**

Honorable Steven L. Tiscione
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  *Ricky Joshua Benny v. City of Long Beach et. al - Motion to Dismiss*

Dear Judge Ticione:

We represent the defendants in the above-referenced matter and are responding to a letter from Plaintiff's counsel that we received today in which Plaintiff is now seeking discovery while the motion to dismiss is pending. We respectfully oppose this request.

The United States Supreme Court has made clear that "the doors of discovery" do not become unlocked for a plaintiff armed with nothing more than conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). Here, the motion to dismiss has been fully briefed. Plaintiff represented to the Court that the events in question were captured on video. That video is presently before the Court as part of the motion and is dispositive of all claims. Consequently, Plaintiff would in no way be prejudiced by delaying discovery until there is a ruling on the motion.

In sharp contrast, the City of Long Beach would incur unnecessary expense going through the discovery process. This would defeat the purpose of making the motion. It is noteworthy that Plaintiff does not indicate how discovery could possibly change the import of his own video that is before the Court.

In circumstances such as this where a Plaintiff would not be prejudiced by a stay of discovery and the motion to dismiss has merit, a stay of discovery is granted. This is particularly true where, as here, the defendant is municipal entity that provides public services. *See Chesney v. Valley Stream Union Free School District*, 236 F.R.D. 113 (E.D.N.Y. 2006).

There are also substantial issues of qualified immunity for the individual police officer defendants. These officers should not have to stand the intrusion into their records that Plaintiff seeks when there is a meritorious motion to dismiss pending that is based on a

video that shows the legality of their conduct. *See National Rifle Association of America v. Cuomo*, 2020 WL 7338588 (N.D.N.Y. 2020).

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Howard M. Miller

Cc:
Frederick Brewington, Esq.