```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RICKY JOSHUA BENNY,

                PLAINTIFF,
                                            MEMORANDUM AND ORDER
        -against-
                                            20-CV-1908 (KAM)(ST)
THE CITY OF LONG BEACH, THE LONG
BEACH POLICE DEPARTMENT, POLICE
OFFICER JOSEPH WIEMANN, POLICE
OFFICER ROCCO WALSH and OFFICERS
JOHN DOES 1-10,

                Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On July 27, 2022, the Court granted in part and denied in part Defendants' motion for summary judgment. (ECF No. 51, Memorandum and Order.) The Court granted Defendants' summary judgment on Plaintiff's false arrest, malicious prosecution, abuse of process, fabrication of evidence, Equal Protection, and First Amendment claims. (*Id*.) The Court denied Defendants' summary judgment with respect to Plaintiff's claims of excessive force and failure to intervene. (*Id*.) On September 14, 15, and 16, 2022, Plaintiff and Defendants each submitted fully briefed motions for reconsideration regarding the Court's decision on Defendants' motion for summary judgment. (ECF Nos. 67-69.)

Defendants now request that the Court reconsider its denial of qualified immunity to the individual officers regarding Plaintiff's claims for excessive force and failure to intervene.

(ECF No. 66-1, Defendants' Motion for Reconsideration ("Def. Mot.").) Plaintiff requests that this Court reconsider its grant of summary judgment on Plaintiff's state and federal law claims of false arrest, malicious prosecution, and fabrication of evidence. (ECF No. 67-1, Plaintiff's Motion for Reconsideration ("Pl. Mot.").)

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3.[1] *See, e.g.*, *Shearard v. Geithner*, No. 09-cv-963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Having reviewed Plaintiff's and Defendants' respective motions for reconsideration, the Court finds that the motion papers of the parties do not satisfy the demanding standard for reconsideration under Rule 59(e) and 60(b).

Federal Rule of Civil Procedure 59(e) "allows a litigant to file a 'motion to alter or amend a judgment.'" *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting Fed. R. Civ. P. 59 (e)). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry*

---

[1] Plaintiff brings his motion for reconsideration pursuant to Rule 59(e), but Defendants do not make it clear which rule they are invoking in their motion for reconsideration. (ECF No. 67-1, Pl. Mot. at 1.) Accordingly, Court will consider the Defendants' motion for reconsideration under the strict standards of both Rule 59(e) and 60(b).

*Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (brackets omitted). Rule 59(e) motions are not vehicles for parties to relitigate cases or advance new theories that they failed to raise in their underlying motion practice. *Banister*, 140 S. Ct. at 1703; *see Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for . . . taking a 'second bite at the apple[.]'"). Reconsideration under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation omitted).

Rule 60(b) allows courts to relieve a party from a final judgment on the basis of several specified circumstances, including newly discovered evidence, mistakes, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Like a Rule 59(e) motion, a Rule 60(b) "cannot serve as an attempt to relitigate the merits." *Ren Yuan Deng v. N.Y. State Off. of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989));

*see Yuk Chun Kwong v. United States*, 01-cv-4307, 2006 WL 467956, at *1 (E.D.N.Y. Feb. 27, 2006) ("Rule 60(b) is not designed to afford occasion for a moving party who is unhappy with the decision regarding the initial motion to reargue matters already fully considered and rejected by the Court." (quotation omitted)).

Neither Defendants nor Plaintiff have cited any controlling decisions or information that the Court overlooked or presented any clear error or new evidence in support of their reconsideration motions. Moreover, there are no exceptional circumstances that would alter the Court's conclusions or justify relief from the judgment to either party in this case. The parties primarily repeat the same factual allegations and legal arguments they made in their moving papers for Defendants' motion for summary judgment.

The Court notes that Defendants allege in their motion for reconsideration that Plaintiff and the Court did not cite cases that, pursuant to the Supreme Court's standards set forth in *City of Tahlequah v. Bond*, 142 S. Ct. 9 (2021) (per curiam), and *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021) (per curiam), "squarely govern the specific facts at issue" and that the cases the Court cited were "substantially dissimilar" from the facts of this instant action. (ECF No. 66-1, Def. Mot. at 5-7.)

The per curiam Supreme Court decisions Defendants cite do not alter the Supreme Court's standards for determining

reasonableness of use of force, established in *Graham v. Connor*, 490 U.S. 386, 396 (1989). In fact, the two cases Defendants cite reinforce that lower courts can deny qualified immunity where none of the *Graham* factors were met. The Supreme Court confirmed that in an "an obvious case" where the factual record can demonstrate that conduct is unconstitutional, summary judgment can be denied "even without a body of relevant case law" on analogous cases. *Rivas-Villegas*, 142 S. Ct. at 8 (quotation omitted). Those decisions also did not shed new light on *Graham*, as they instead say that the analysis of whether an officer has used excessive force continues to depend on "the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (brackets omitted) (quoting *Graham*, 490 U.S. at 396).

The Court denied summary judgment because there were factual issues as to the reasonableness of Defendants' use of force, particularly in the time period between Plaintiff being advised he was under arrest and the initial takedown. (ECF No. 51, Memorandum and Order at 59-62.) In limiting their request for reconsideration to the issue of qualified immunity (ECF No. 66-1, Def. Mot. at 6), Defendants recognize, as they must on summary judgment, that there are disputed facts, and that the record read

in Plaintiff's favor demonstrated that none of the *Graham* factors were met as to the officers' initial takedown. The Defendants focus their arguments for reconsideration on lack of cases in the Court's decision that would "squarely govern" the facts in this case. Defendants, however, ignore the Court's denial of summary judgment precisely because there are disputes of material facts that could determine the outcome of the case.

    Defendants also cites cases to support their argument that a reasonable officer could have expected Plaintiff to be dangerous. (ECF No. 66-1, Def. Mot. at 9-11.) Yet in their motion for summary judgment and even now, they raise no deposition, affidavit, or any evidence (aside from the videos that they believe, and the Court disagrees with on summary judgment, clearly demonstrates their interpretation of the circumstances), in which an officer expected Plaintiff to be dangerous. In any case, that analysis can end once the Defendants failed to dispute in their motion for reconsideration that this Court properly held that the factual record could support a reasonable jury's view that none of the *Graham* factors are met.

    Defendants also attest for the first time that the initial takedown did not cause injury to Plaintiff and, thereby, that fact alone should defeat the excessive force claim. The Court notes that in the Supreme Court decision cited by Defendants, however, the Supreme Court expressly stated that the "core judicial

inquiry" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  The Supreme Court further explained, "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*.  Finally, the Court notes that the video could support a reasonable jury's view that parts of Plaintiff's body appear to have made contact with the ground even during the initial takedown.  The Court also notes that Plaintiff ultimately suffered injuries, including a fracture, during the arrest, though it remains unclear to the Court how each injury occurred and at what points of his encounter with Defendants.  Accordingly, the Court concludes, again on reconsideration as it did on summary judgment, that the circumstances, nature, extent, and consequences of an injury are questions of material fact that should be reserved for a reasonable jury.  *See Crowell v. Benson*, 285 U.S. 22, 54 (1932).

## CONCLUSION

For the foregoing reasons, both Defendants' and Plaintiff's motions for reconsideration are respectfully denied.

SO ORDERED.

Dated: Brooklyn, New York
October 14, 2022

    /s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York